**SO ORDERED.**

**SIGNED this 03 day of April, 2006.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PHILIP EUGENE REDD, | ) | Case No. 04-15917 |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| MELISSA YORK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 04-5328 |
| | ) | |
| PHILIP EUGENE REDD, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Plaintiff, Melissa York, seeks to except her personal injury claim from the Debtor's

1

discharge pursuant to 11 U.S.C. §523(a)(9). The nature and extent of plaintiff's claims are more fully described below. The parties have agreed to let the Court resolve the matter on a "case stated" basis, that is without a trial. The parties have submitted briefs, exhibits, and deposition testimony in support of their respective positions and the matter is now ready for decision.

Jurisdiction

The Court has jurisdiction of this proceeding. 28 U.S.C. § 1334. This adversary proceeding is a core proceeding. 28 U.S.C. § 157 (b)(2)(I).

Findings of Fact

On September 26, 2003, at approximately 9:00 a.m., plaintiff and defendant were involved in an auto accident at the intersection of NE 80th and NE Lawton Road in Cherokee County, Kansas. Defendant "T-boned" plaintiff after failing to stop at a stop sign. Both defendant and plaintiff suffered injuries as a result of the accident. Both were transported by helicopter from the scene of the accident to St. John's Regional Medical Center ("St. John") in Joplin, Missouri immediately after the accident.

Defendant was treated in the Emergency Room of St. John at approximately 10:00 a.m. Defendant's blood was drawn incidental to his trauma admission at 10:10 a.m. Defendant's blood sample was processed by the St. John lab at 10:59 a.m. The lab results indicate that defendant's blood contained alcohol in it; specifically, .21 percent weight per volume or 210 milligrams per deciliter.

Discussion

Section 523(a)(9) of the Bankruptcy Code provides that a discharge under section 727 of this title does not discharge an individual debtor from any debt "for death or personal injury

2

caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance[.]" In order to sustain an action under this section, the burden is placed upon the plaintiff to establish the existence of three elements: (1) that there is debt for death or personal injury; (2) that this death or personal injury was caused by debtor's unlawful operation of motor vehicle; and (3) that operation of motor vehicle was unlawful because debtor was intoxicated pursuant to state law.[1] Defendant has stipulated to elements (1) and (2).

The sole issue in this adversary proceeding is whether defendant was intoxicated within the definition of K.S.A. 8-1567 at the time of the subject motor accident. K.S.A. 8-1567(a)(2) provides no person shall operate or attempt to operate any vehicle within this state while the alcohol concentration in the person's blood or breath, as measured within two hours of the time of operating or attempting to operate a vehicle, is .08 or more. "Alcohol concentration" means the number of grams of alcohol per 100 milliliters of blood or per 210 liters of breath. K.S.A. 8-1013(a).

Defendant claims that because the testing at St. John was done in terms of milligrams per deciliter, plaintiff has failed to provide any evidence that defendant's blood alcohol content was in excess of .08 grams per 100 milliliters as required by statute. Defendant argues that expert testimony is required to explain whether 210 milligrams of alcohol per deciliter is in excess of .08 grams of alcohol per 100 milliliters.

Defendant's argument is without merit. Christine Guernsey's deposition testimony establishes that defendant's blood alcohol content was in excess of .08 grams per 100 milliliters.

---

[1] *In re Pair*, 264 B.R. 680, 684 (Bankr. D.Idaho 2001).

Ms. Guernsey, who drew the blood and oversaw the testing for alcohol, explained:

> When it comes off the instrument, it comes off as 210 milligrams per deciliter. And then it's converted to the percent weight per volume in the report, because *this is in legal terms*. The doctors like to see this. So it came off the instrument as 210. But when you convert it, it comes out .21 percent weight per volume.

(Guernsey Deposition, 21:16-22:2)(emphasis added). Thus, the result in the lab report (0.21) contains the alcohol content level in legal terms, *i.e.*, grams of alcohol per 100 milliliters.

Moreover, contrary to defendant's assertion, expert testimony is not required to calculate the conversion from "milligrams per deciliter" to "grams per 100 milliliters," when simple arithmetic would suffice. The court takes judicial notice, pursuant to Fed.R.Evid. 201(b), that one milligram is equal to .001 grams and one deciliter is equal to 100 milliliters.[2] Applying simple math, 210 milligrams per deciliter is equal to .21 grams per 100 milliliter.

The court concludes plaintiff has met her burden of proof to have her personal injury claim excepted from discharge under 11 U.S.C. §523(a)(9). It is undisputed that defendant caused plaintiff's injuries while operating a motor vehicle. The court finds defendant was legally intoxicated under Kansas law as the alcohol concentration in defendant's blood, as measured within two hours of operating his vehicle, was .21 grams per 100 milliliter.

Conclusion

York's personal injury claim is excepted from discharge. JUDGMENT on the complaint should be entered in favor of York and against Redd. A Judgment on Decision shall issue this day. ###

---

[2] *See* The American Heritage Dictionary, Second College Edition, Measurement (table), p. 777-780 (1982) and Online Conversion, Volume Conversion and Common Weight and Mass Conversions (visited 3/24/06) <http://www.OnlineConversion.com/volume.htm> <http://www.OnlineConversion.com/weight_common.htm>.